**SEABROOK MEDICAL SYSTEMS, INC., Plaintiff,**

v.

**BAXTER HEALTHCARE CORPORATION, Defendant.**

Civ. A. No. C–1–94–505.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 19, 1995.

David Edward Schmit, Frost & Jacobs, Cincinnati, OH, Edwin R. Acheson, Jr., Cincinnati, OH, for plaintiff.

Susan Elaine Wheatley, Michael Joseph Zavatsky, Taft, Stettinius & Hollister, Cincinnati, OH, James A. Hendricks, Poms Smith Lande & Rose, Los Angeles, CA, John W. Chestnut, Tilton Fallon Lungmus & Chestnut, Chicago, IL, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (DOC. 54)

SHERMAN, United States Magistrate Judge.

On December 13, 1995, the Court heard oral argument on plaintiff's Fed.R.Civ.P. 26(c) motion for a Protective Order to stay the deposition of third-party Cincinnati Sub–Zero Products, Inc. ("CSZ"). *See* docs. 54 (motion), 57 (defendant's opposition memorandum), 58 (plaintiff's reply). The basis of the motion is that defendant scheduled the CSZ deposition without adequately attempting to obtain plaintiff's consent to a deposition date.

### I.

■ As was made clear at the hearing, defendant's counsel, acting on his own, contacted CSZ; obtained several potential deposition dates; then contacted plaintiff's counsel to confirm which of the dates would be acceptable. Shortly thereafter, the parties' communication efforts—for unexplained rea-

sons—broke down. What is clear is that, during this process, defendant's counsel left a voice-mail message with plaintiff's counsel and, when plaintiff's counsel did not promptly return that phone call, defendant's counsel interpreted the silence as plaintiff's assent to the specific deposition date mentioned in the voice-mail message. Accordingly, defendant's counsel then issued a deposition subpoena referencing that date. Not surprisingly, the date turned out to be inconvenient for plaintiff's counsel for two reasons, both of which the Court finds valid and reasonable: (1) plaintiff's counsel had a Court hearing (in another case) already scheduled for the selected date; and (2) his client, plaintiff Seabrook Medical Systems, Inc., found the CSZ deposition important, and therefore wanted him to attend the deposition, instead of another lawyer from his firm.

■ Plaintiff's counsel suggests this problem would never have arisen had defendant's counsel simply made a joint conference call to CSZ in the first place. Plaintiff's counsel suggests further that such calls are routine practice in the Southern District of Ohio when arrangements for third-party depositions are made. The Court has no way of knowing whether such calls are, in fact, routine practice, but believes they should be in this and all other cases. The Court therefore finds—as a matter of professional courtesy, and as a means to avoid future scheduling conflicts—that, when making arrangements for third-party depositions, counsel for both sides should jointly call the third-party deponent to schedule that party's deposition. When such calls cannot be made due to the third-party's unavailability, refusal to cooperate, or otherwise, counsel for both sides should contact each other and jointly agree to a deposition date. Only then should the deposition subpoena issue. What needs to occur is quite simple: counsel should discuss and agree to a deposition date before the issuance of the subpoena, not after.

## II.

In light of this discussion, and for the reasons stated on the record at the December 12th hearing, the Court **ORDERS** as follows:

1. Plaintiff's motion for a Protective Order to stay the deposition of third-party CSZ is **GRANTED;**

2. The deposition subpoena issued by defendant **REMAINS IN FORCE** and is **NOT QUASHED;**

3. The parties shall **JOINTLY CONTACT CSZ** by telephone and obtain an agreed date for the deposition. The parties shall then promptly inform the Court of the new date;

4. Because the rules by which counsel were to jointly schedule the CSZ deposition were not made clear until today, an award of fees or costs would be unjust. Each side shall therefore **PAY THEIR OWN FEES AND COSTS.** Fed.R.Civ.P. 37(a)(4)(A); and

5. The two oral motions made by defendant's counsel at the conclusion of the hearing—(1) for an award of costs if the CSZ deposition cannot be scheduled for Friday, December 15, 1995; and (2) to prevent plaintiff's counsel from contacting CSZ *ex parte* should the CSZ deposition not go forward on December 15th—are **BOTH DENIED.**

IT IS SO ORDERED.